Form 149

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

In re:

**Ronald Dwight Lord Sr.**
**Mary Louise Lord**
    Debtor(s)

Bankruptcy Case No.: 15–11373–TPA
Per April 9, 2019 Proceeding
Chapter: 13
Docket No.: 67 – 63, 64
Concil. Conf.: at

**ORDER OF COURT CONFIRMING PLAN AS MODIFIED**
**AND SETTING DEADLINES FOR CERTAIN ACTIONS**

*(1.) PLAN CONFIRMATION:*

IT IS HEREBY ORDERED that upon consent of the Debtor(s), the Chapter 13 Plan dated February 25, 2019 is CONFIRMED as modified at the Plan confirmation hearing. Terms of the Plan not expressly modified by this Order remain in full force and effect. A copy of this Plan was previously mailed to you. *Only those provisions which are checked below apply to this case:*

☐ A. For the remainder of the Plan term, the periodic Plan payment is amended to be $ as of . Debtor(s)' counsel shall file a motion to amend the income attachment order within seven (7) days of the date of this Order.

☐ B. The length of the Plan is increased to a total of months. This statement of duration of the Plan is an approximation. The Plan shall not be completed until the goals of the Plan have been achieved. The total length of the Plan shall not exceed sixty (60) months.

☐ C. Plan confirmation is on an interim basis only as a form of adequate protection. The Trustee is authorized to distribute to secured and priority creditors with percentage fees. *A final plan conciliation conference will be held on at , in .* If the Parties cannot resolve all disputes at the conciliation conference, a hearing will be scheduled and orally announced at the conclusion of the conference without any further written notice to any party. Parties are directed to monitor the Court's docket and read the Chapter 13 Trustee's minutes of the conciliation conference to the extent such parties desire more information regarding the outcome of the conciliation conference.

☐ D. Plan confirmation is subject to the resolution of all actions to determine the avoidability, priority, or extent of liens; including determination of the allowed amount of secured claims under *11 U.S.C. §506*, disputes over the amount and allowance of claims entitled to priority under *11 U.S.C. §507*, and all objections to claims.

☐ E. The allowed claims of general unsecured creditors shall be paid from available funds on a pro rata basis, which may represent an increase or decrease in the amount projected in the Plan.

☐ F. shall be paid monthly payments of $ beginning with the Trustee's distribution and continuing for the duration of the plan term, to be applied by that creditor to it's administrative claim, budget payments and/or security deposit. These payments shall be at the third distribution level.

☐ G. The claims of the following creditors shall govern as to amount, classification and rate of interest (or as otherwise noted), unless the Debtor(s) successfully objects to the claim: .

☑ H. Additional Terms: The secured claim of the following creditor shall govern, and then following all allowed post–petition payment change notices filed of record: Elizon Master Participation Trust I (Claim No. 3).

*(2.)   IT IS FURTHER ORDERED THAT THE FOLLOWING DEADLINES ARE ESTABLISHED:*

**A.     Objections to the Plan.** Pursuant to *Fed.R.Bankr.P. 2002(b)*, this Order shall not become final for a period of twenty−eight (28) days. Any party in interest with an objection to any provision of this Confirmation Order must file a written objection within that twenty−eight (28) day period. Failure to timely object shall be deemed a waiver of all objections and an acceptance of the provisions of this confirmed Plan. The Trustee may disburse funds pursuant to this confirmation order upon it's entry.

**B.     Applications to retain brokers, sales agents, or other professionals.** If the Plan contemplates sales of assets or litigation proceeds as a source of funding, Debtor(s) shall file motion(s) to employ the necessary professionals within thirty (30) days hereof.

**C.     Review of Claims Docket and Objections to Claims.** Pursuant to *W.PA.LBR 3021−1(c)(2)*, the Debtor or Debtor's attorney, if represented, shall review the proofs of claim filed and shall file objections to any disputed claims within ninety (90) days after the claims bar date or, for late filed or amended claims, within ninety (90) days after they are filed and served. Absent an objection, the proof of claim will govern as to the classification and amount of the claim. Objections filed after the ninety (90) days specified herein shall be deemed untimely.

**D.     Motions or Complaints Pursuant to §§506, 507 or 522.** All actions to determine the priority, avoidability, or extent of liens, all actions pursuant to *11 U.S.C. §§506, 507 and 522* shall be filed within ninety (90) days after the claims bar date.

**E.     Filing Amended Plans.** Within fourteen (14) days after the Bankruptcy Court resolves the priority, avoidability, or extent of a lien, or any objection to claim, the Debtor(s) shall file an amended Plan to provide for the allowed amount of the claim if the allowed amount differs from the amount stated in the plan. Debtor(s) shall also file an amended Plan within thirty (30) days after the claims bar date(s) in the event that no objection is filed and the claim(s) as filed causes the Plan to be underfunded.

*(3.)*   **IT IS FURTHER ORDERED THAT:**

**A.**   After the claims objection deadline, the Plan shall be deemed amended to conform to the claims filed or otherwise allowed. If the Plan expressly modified the terms of payment to any creditor pursuant to *11 U.S.C. §1322(b)(2)*, nothing in this Order shall be construed to change the payment terms established in the Plan.

**B.**   Any creditor who files or amends a proof of claim shall serve a copy on the Debtor(s) or counsel for the Debtor(s).

**C.**   Any creditor whose payment changes due to variable interest rates, change in escrow, or change in monthly payments, shall notify the Trustee, Debtor(s)' counsel and Debtor(s) at least twenty–one (21) days prior to the change taking effect.

**D.**   Debtor's counsel must file a fee application in accordance with *W.PA.LBR 2016–1* before attorney fees in excess of the "no look" provision (including retainer) will be allowed or paid.

**E.**   The Trustee shall file a *Certificate of Default and Request for Dismissal* of the case in the event of a material Plan default. If the default involves failure to make a plan payment the case will result in dismissal without further hearing upon filing and service of an *Affidavit of Default* by the Trustee. The Trustee is not precluded from raising pre–confirmation defaults in any subsequent motion to dismiss.

**F.**   In the event that any order is entered in this case granting relief from the automatic stay to a secured creditor, then the Trustee shall make no further disbursements to any creditor on account of any *secured claim* that is secured by the subject property, unless directed otherwise by further Order of Court.

Thomas P. Agresti, Judge
United States Bankruptcy Court

Dated: April 10, 2019

cc:   All Parties in Interest to be served by Clerk in seven (7) days

United States Bankruptcy Court
Western District of Pennsylvania

```
In re:                                                          Case No. 15-11373-TPA
Ronald Dwight Lord, Sr.                                         Chapter 13
Mary Louise Lord
        Debtors
```

# CERTIFICATE OF NOTICE

```
District/off: 0315-1          User: jmar               Page 1 of 2          Date Rcvd: Apr 10, 2019
                              Form ID: 149             Total Noticed: 18
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Apr 12, 2019.
```
db/jdb       +Ronald Dwight Lord, Sr.,    Mary Louise Lord,    10610 State Highway 618,
               Conneaut Lake, PA 16316-2632
cr           +Wilmington Savings Fund Society, FSB, as trustee o,    Aldridge Pite, LLP,    P.O. Box 17933,
               4375 Jutland Drive, Suite 200,    San Diego, CA 92117-3600
14157967     +Aas Debt Recovery Inc,    Po Box 129,    Monroeville, PA 15146-0129
14157968    ++CHRYSLER FINANCIAL,    27777 INKSTER RD,    FARMINGTON HILLS MI 48334-5326
              (address filed with court:  Cfc Deficiency Recovery,     5225 Crooks Road,    Suite 140,
               Troy, MI 48098)
14231764      CitiFinancial Servicing LLC,    P.O. Box 6043,    Sioux Falls, SD 57117-6043
14157969      Citifinancial,    300 Saint Paul Plaza,    Baltimore, MD 21202
14157970     +Citizens Bank,    1 Citizens Drive,    Riverside, RI 02915-3000
14166780     +Commonwealth Financial Systems Inc,    120 North Keyser Avenue,    Scranton, PA 18504-9701
14157972     +Creditech,    50 North 7th Street,    Bangor, PA 18013-1791
14978614     +Elizon Master Participation Trust I,,    U.S. Bank Trust National Association,,
               as Owner Trustee,    C/O SN Servicing Corp.,    323 5th Street,    Eureka, CA 95501-0305
14157973     +Harry's Auto Sales,    14476 Conneaut Lake Road,    Meadville, PA 16335-8288
14157977      Td Auto Finance,    27777 Franklin Road,    Farmington Hills, MI 48334
14738678     +Wilmington Savings Fund Society, FSB,    Carrington Mortgage Services, LLC,
               1600 South Douglass Road,    Anaheim, CA 92806-5948
14157978     +Windstream Communications,    Attn: Alice Peace,    2 North Main Street,
               Greenville, SC 29601-4874
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
14157971      E-mail/Text: rkiser@co.crawford.pa.us Apr 11 2019 02:31:35     Crawford County Tax Claim Bureau,
               Court House,    903 Diamond Square,    Meadville, PA 16335-2694
14157974     +E-mail/Text: egssupportservices@alorica.com Apr 11 2019 02:31:36      NCO Financial Systems,
               Attention: Bankruptcy,    507 Prudential Road,    Horsham, PA 19044-2308
14185648      E-mail/Text: RVSVCBICNOTICE1@state.pa.us Apr 11 2019 02:30:58
               Pennsylvania Department of Revenue,    Bankruptcy division,    P O Box 280946,
               Harrisburg P A 17128-0946
14157976     +E-mail/Text: bankruptcy@sw-credit.com Apr 11 2019 02:31:22      Southwest Credit System,
               4120 International Parkway Suite 1100,    Carrollton, TX 75007-1958
                                                                                               TOTAL: 4
```

```
             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr            CitiFinancial Servicing, LLC
cr            CitiFinancial Servicing, LLC
cr            Elizon Master Participation Trust I, U.S. Bank Tru
cr            SN SERVICING CORP. as servicer for Elizon Master P
14157975    ##+Santander Consumer Usa,    8585 North Stemmons Freeway Suite 1100-N,    Dallas, TX 75247-3822
                                                                                               TOTALS: 4, * 0, ## 1
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 12, 2019                                    Signature:  /s/Joseph Speetjens

```
District/off: 0315-1          User: jmar               Page 2 of 2            Date Rcvd: Apr 10, 2019
                              Form ID: 149             Total Noticed: 18
```

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on April 10, 2019 at the address(es) listed below:

```
          Christopher M. McMonagle    on behalf of Creditor    SN SERVICING CORP. as servicer for Elizon
           Master Participation Trust I, U.S. Bank Trust National Association, as Owner Trustee
           cmcmonagle@sterneisenberg.com,   bkecf@sterneisenberg.com
          Christopher M. McMonagle    on behalf of Creditor    Elizon Master Participation Trust I, U.S. Bank
           Trust National Association, as Owner Trustee cmcmonagle@sterneisenberg.com,
           bkecf@sterneisenberg.com
          Daniel P. Foster    on behalf of Debtor Ronald Dwight Lord, Sr. dan@mrdebtbuster.com,
           clarissa@mrdebtbuster.com;fosterlaw@ecf.inforuptcy.com;anne@ecf.inforuptcy.com
          Daniel P. Foster    on behalf of Joint Debtor Mary Louise Lord dan@mrdebtbuster.com,
           clarissa@mrdebtbuster.com;fosterlaw@ecf.inforuptcy.com;anne@ecf.inforuptcy.com
          James  Warmbrodt    on behalf of Creditor    Elizon Master Participation Trust I, U.S. Bank Trust
           National Association, as Owner Trustee bkgroup@kmllawgroup.com
          James  Warmbrodt    on behalf of Creditor    SN SERVICING CORP. as servicer for Elizon Master
           Participation Trust I, U.S. Bank Trust National Association, as Owner Trustee
           bkgroup@kmllawgroup.com
          James  Warmbrodt    on behalf of Creditor    Wilmington Savings Fund Society, FSB, as trustee of
           Stanwich Mortgage Loan Trust A bkgroup@kmllawgroup.com
          Jill  Manuel-Coughlin    on behalf of Creditor    CitiFinancial Servicing, LLC jill@pkallc.com,
           chris.amann@pkallc.com;nick.bracey@pkallc.com;samantha.gonzalez@pkallc.com;harry.reese@pkallc.com
           ;mary.raynor-paul@pkallc.com;amanda.rauer@pkallc.com
          Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
          Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com
                                                                                             TOTAL: 10
```